IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL O'CONNOR,

                        Plaintiff,                              OPINION AND ORDER

    v.
                                                                 26-cv-591-wmc

STATE OF WISCONSIN,

                        Defendant.

---

Plaintiff Daniel O'Connor, who is representing himself, has filed another civil rights action -- this time against the State of Wisconsin -- stemming from the adverse adjudication of a speeding ticket by City of Madison Municipal Court Judge Daniel Koval.  Because plaintiff is proceeding without prepayment of the filing fee, the court must screen his complaint and dismiss the action if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915(e)(2).  The court construes a self-represented litigant's complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  Even under this lenient standard, however, the complaint must be dismissed for failure to state a claim.

ALLEGATIONS OF FACT

In a one-page attachment to his complaint, plaintiff Daniel O'Connor references a previous lawsuit that he filed in *Daniel O'Connor v. Judge Daniel Koval*, Case No. 26-cv-360-wmc (W.D. Wis.) and demands a trial on the claims he presented in that case.  In that lawsuit, plaintiff alleged that he appeared in front of Judge Koval on April 16, 2026, for

trial on a speeding ticket that plaintiff had received in City of Madison Municipal Court Case No. BK571880-1.  After plaintiff refused to state his name for the record or comply with Judge Koval's other instructions, Judge Koval held plaintiff in contempt of court. Judge Koval next found O'Connor "guilty" and imposed an unspecified penalty for the speeding ticket.  Although O'Connor filed an appeal from that judgment, his appeal was dismissed.  *See City of Madison v. Daniel O'Connor,* Dane County Case No. 2026CV1517. Subsequently, this court dismissed plaintiff's civil action against Judge Koval based on judicial immunity.  No. 26-cv-360-wmc (dkt. #16).

Plaintiff now seeks relief against the State of Wisconsin for Judge Koval's actions in adjudicating his traffic ticket in Case No. BK571880-1.  Specifically, plaintiff invokes the federal civil rights statute, 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as two separate theories of liability.

OPINION

## I.  Plaintiff's Current Claims

To begin, it appears that plaintiff is suing the State because municipal courts in Wisconsin are authorized by state law.  Wis. Stat. ch. 755.  He further appears to assert a violation of his constitutional rights over which this court would have jurisdiction under 28 U.S.C. § 1331, although it is not clear which right he asserts from the four corners of his current complaint.  Nevertheless, even under the most lenient interpretation, plaintiff does not articulate a viable claim under either remedial theory lodged in the complaint.

Plaintiff first invokes 42 U.S.C. § 1983, which imposes liability on any "person" who,

acting under color of state law, violates the Constitution or federal law. *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (quoting § 1983). However, the State of Wisconsin is not a "person" who can be sued under § 1983. *See Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Likewise, to the extent that plaintiff seeks monetary relief, claims for damages against a State are barred in federal court under the principle of sovereign immunity established by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.")(citations omitted). Thus, plaintiff does not state a claim under § 1983.[1]

Plaintiff also cannot state a claim under *Bivens*. In that case, the Supreme Court recognized an implied private cause of action for damages against *federal* officers alleged to have violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 397; *see also Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (discussing *Bivens* and the limited circumstances in which a similar implied damages

---

[1] Although Wisconsin municipal courts are authorized by state law, they are created and established by the municipality they support. Wis. Stat. § 755.01. Plaintiff's speeding-ticket adjudication took place in a municipal court in the City of Madison, which is in Dane County. To state a claim against a municipality under 42 U.S.C. § 1983, which is governed by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a plaintiff must allege that a constitutional violation was "caused by: (1) an official policy adopted and promulgated by [the municipality's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Plaintiff's vague allegations in this case and his previous complaint in Case No. 26-cv-360-wmc fall well short of this showing and do not implicate municipal liability.

remedy has been recognized).  Because *Bivens* does not afford a remedy against the state or state officials, plaintiff fails to state a claim for which relief may be granted.

Absent a viable claim, the complaint will be dismissed.  The court is dismissing this action without leave to amend, since any amended pleading would be futile.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

## II.  Sanction Warning

This is the fourth lawsuit that plaintiff has filed in this district within the past nine months, all of which have now been dismissed.[2]  In addition to reports of vulgar language, disrespectful treatment, and belligerent conduct towards court security officers, plaintiff has directed profanity at the court itself in at least two submissions, which also contain threatening remarks.  *See O'Connor v. Social Security Admin.*, No. 25-cv-883-wmc (dkt. #11, at 1); *O'Connor v. Koval*, No. 26-cv-360-wmc (dkt. #15, at 3).  Abusive behavior of this character cannot be tolerated.

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct."  *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)).  Specifically, a court may impose sanctions on a party that has "willfully abused

---

[2] Plaintiff's previous lawsuits in this district include:  *O'Connor v. Social Security Admin.*, No. 25-cv-883-wmc; *O'Connor v. Koval*, No. 26-cv-360-wmc; *O'Connor v. Wisconsin Fed'l Courthouse*, No. 26-cv-544-wmc.

the judicial process or otherwise conducted . . . litigation in bad faith." *Id*. (citing *Chambers*, 501 U.S. at 50; *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015)); *see also Lindsey v. Hoem*, 799 F. App'x 410, 413 (7th Cir. 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), as authorizing a filing bar); *White v. Williams*, 423 F. App'x 645, 647 (7th Cir. 2011) ("Dismissal may be appropriate when a party has shown a lack of respect for the court or proceedings."). Plaintiff is, therefore, warned that any further abusive submissions in his former lawsuits or any future action in this court may result in sanctions, including monetary penalties and filing restrictions or potentially the dismissal of any new action containing such submissions.

## ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Daniel O'Connor is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

2) Plaintiff is further WARNED that any future submissions containing profanity or threatening remarks will result in sanctions, including monetary penalties and filing restrictions or potentially the dismissal of any new action.

3) The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 30th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5